UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------X
:
JONATHAN MORALEZ            :    Civil No. 3:16CV00526(JCH)
:
v.                          :
:
MARK A. FRAYNE, et al.      :    November 20, 2017
:
------------------------------X

**ORDER RE: MOTION TO AMEND ANSWER**

Defendants Mark A. Frayne and Anne Cournoyer ("defendants") have filed a motion seeking to amend their Answer to add the affirmative defense of release. [Doc. #53]. For the reasons set forth herein, the Court **GRANTS** defendants' Motion to Amend. **[Doc. #53]**.

**I.    BACKGROUND**

Plaintiff commenced this action on April 4, 2016, seeking damages stemming from the allegedly improper administration of medication. See Doc. #1. The discovery and dispositive motion deadlines have passed, and a jury trial has been scheduled for April 3, 2018, with the pretrial memorandum due by February 28, 2018. See Doc. #51.

On October 13, 2017, counsel for defendants discovered that plaintiff and the State of Connecticut had executed a Settlement Agreement and Release ("Agreement") on February 28, 2017, to resolve plaintiff's prior civil action captioned Jonathan Moralez v. Captain Johnson, et al., 3:15CV1098(JCH). See Doc. ##61 at 2, 61-2 at 2-6. The Agreement contains a release, which

~ 1 ~

states, in relevant part:

> The plaintiff ... does herewith forever discharge and release ... the State of Connecticut ... from any and all actions; causes of action, suits, claims, controversies, damages and demands of every nature and kind ... which he had or now has or may hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this agreement[.]

Doc. #61-2 at 3-4.

Consequently, defendants filed a motion on October 23, 2017, requesting leave to amend their answer to add the affirmative defense of release. See Doc. #53. Counsel for defendants asserts that she "recently became aware of a Settlement Agreement and Release executed between the plaintiff Jonathan Moralez and the State of Connecticut that completely discharges this action." Id. at 2. On November 9, 2017, plaintiff filed a response opposing the motion because defendants failed to offer a reasonable justification for the delay in moving to amend and the delay prejudiced plaintiff. See Doc. #60 at 1. On November 8, 2017, the Court entered an Order requiring defendants to "file a copy of the relevant settlement agreement on the docket, along with a representation of how and when counsel for defendants learned of its existence[,]" Doc. #59, which defendants complied with on November 13, 2017, see Doc. #61.

II. **LEGAL STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides

that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15. However, "it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Id. Nevertheless, "[i]n general, it is a rare event when such leave should be denied." Tavares v. Lawrence & Mem'l Hosp., No. 3:11CV770(CSH), 2013 WL 1385266, at *2 (D. Conn. Apr. 3, 2013) (quotation marks and citation omitted).

### III. **DISCUSSION**

None of the factors that would constitute good reason to deny defendants leave to amend are present in this instance. Plaintiff makes no claim that defendants have acted in bad faith, or that the amendment would be futile. See Doc. #60. However, plaintiff asks the Court to deny the motion due to (1) defendants' insufficient explanation for the delay in moving to amend and (2) the prejudice the amendment would cause plaintiff. Id.

The Court is not persuaded that defendants' insufficient explanation for their delay in seeking to amend their answer is reason to deny the amendment. Although courts have discretion to consider whether a satisfactory explanation is offered for an

inordinate delay, see Grace v. Rosenstock, 228 F.3d 40, 54 (2d Cir. 2000), such an explanation is unnecessary in this instance because plaintiff concedes that "the delay was not inordinately long" and "there is no evidence that defendants intended it[.]" Doc. #60 at 5. Accordingly, the Court does not find that delay is a basis for denial of the motion to amend.

Plaintiff also asserts that he would be unduly prejudiced if the Court grants leave to amend, because the current scheduling order prevents him from questioning the drafter of the Agreement, Assistant Attorney General Tom Davis, about the parties' intent. See Doc. #60 at 6-7. To determine if plaintiff would be unduly prejudiced, the Court considers "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Courts have also "denied leave to amend as unduly prejudicial where a party requests amendment after discovery has ended or the nonmoving party has filed for summary judgment." Censor v. ASC Techs. of Connecticut, LLC, 900 F. Supp. 2d 181, 208 (D. Conn. 2012).

In this instance, discovery pertaining to the parties' intent may not be necessary. The Court does not need to look

~ 4 ~

beyond the four corners of the agreement to determine its scope unless the language is ambiguous. See, e.g., Nation-Bailey v. Bailey, 112 A.3d 144, 151 (Conn. 2015). "A contract is unambiguous when its language is clear and conveys a definite and precise intent." Id. at 151 (quotation marks and citation omitted). Plaintiff argues the release is "hardly definite and precise" because plaintiff "promised never to sue the State or its employees again for any reason, even for hypothetical events that might occur decades in the future." Doc. #60 at 10 (internal quotation marks omitted). However, this reading is incorrect, as the release is explicitly limited to claims arising "from the beginning of the world to the date of this agreement." Doc. #61-2 at 4 (emphasis added). Plaintiff does not point to any other language in the release that would suggest ambiguity. See Doc. #60. Accordingly, plaintiff would not be prejudiced, despite the fact that discovery is closed.

Nonetheless, to the extent additional discovery is necessary, the Court can alleviate any prejudice to plaintiff by allowing additional discovery limited to the issue of the intended scope of the release. See Gorman v. Covidien Sales, LLC, No. 13CV6486(KPF), 2014 WL 7404071, at *3 (S.D.N.Y. Dec. 31, 2014) (finding that any prejudice caused by the conclusion of discovery can be remedied by reopening discovery for a limited purpose); McGinnis v. New York Univ. Med. Ctr., No.

09CV6182(RMB), 2012 WL 251961, at *5 (S.D.N.Y. Jan. 25, 2012) ("Nor would Plaintiff be unduly prejudiced by Defendant's amendment because discovery will likely be re-opened to accommodate Plaintiff's retaliation claim."); see also Solman v. Corl, No. 3:15CV1610(JCH), 2017 WL 3527693, at *2 (D. Conn. Aug. 16, 2017) (noting that plaintiff may move for limited additional discovery to the extent the proposed amendment requires it). Any additional discovery would be limited solely to the parties' intent, so it would not require plaintiff to expend significant additional resources, significantly delay the resolution of the dispute, or prevent the plaintiff from bringing a timely action in another jurisdiction. And according to defendants' motion, counsel for plaintiff indicated he would not object to the motion to amend as long as he could depose Attorney Davis regarding the scope of the Agreement. See Doc. 53 at 1. Accordingly, the Court finds that plaintiff will not be unduly prejudiced and grants defendants' motion to amend. To alleviate any potential prejudice, the Court will allow the parties to conduct limited discovery regarding the intended scope of the Agreement's release.

IV. **CONCLUSION**

For the reasons set forth herein, the Court **GRANTS** defendant's Motion to Amend. **[Doc. #53]**. The Court will reopen discovery limited solely to ascertaining the intended scope of

the release in the Agreement. Consequently, the Court also enters the following Scheduling Order:

- Defendants shall file any amended answer on or before **November 22, 2017;**

- The parties shall complete any limited discovery on or before **December 22, 2017;**

- Any motions based on the release defense shall be filed on or before **January 8, 2018;**

- Any response to such motions shall be filed on or before **January 22, 2018;**

- Any reply to such a response shall be filed on or before **January 29, 2018.**

**In light of the late stage of this litigation, the Court does not anticipate granting any extensions of these deadlines.**

This is not a Recommended Ruling. This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 20th day of November, 2017.

```
            /s/
```
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE